JONATHAN W. FOUNTAIN
Nevada Bar No. 10351
jfountain@lrrlaw.com
STEPHANIE S. BUNTIN
Nevada Bar No. 12339
sbuntin@lrrlaw.com
**LEWIS ROCA ROTHGERBER** LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169
Telephone: 702-949-8200

COLBY B. SPRINGER
Will Comply with LR IA 10-2 within 45 days
cspringer@lrrlaw.com
**LEWIS ROCA ROTHGERBER** LLP
2440 W. El Camino Real, Sixth Floor
Mountain View, CA  94040-1499
Telephone: 650-391-1380

ADAM L. MASSARO
Will Comply with LR IA 10-2 within 45 days
amassaro@lrrlaw.com
**LEWIS ROCA ROTHGERBER** LLP
1200 Seventeenth Street, Suite 3000
Denver, CO  80202
Telephone: 303-623-9000

Attorneys for Plaintiff Bravo Company USA, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Bravo Company USA, Inc., a Wisconsin corporation,<br><br>                              Plaintiff,<br><br>     vs.<br><br>Badger Ordnance LLC, a Missouri limited liability company, and Martin J. Bordson, an individual,<br><br>                              Defendants. | Case No. 2:14-cv-00387<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**(JURY DEMAND)** |

-1-

2004684590_1

Plaintiff Bravo Company USA, Inc.. ("Bravo Company"), submits its complaint for declaratory judgment against Badger Ordnance LLC ("Badger Ordnance") and Martin J. Bordson ("Bordson") seeking a declaration that certain Bravo Company products do not infringe U.S. patent numbers 7,900,546 B2 (the "'546 Patent") and 7,240,600 B1 (the "'600 Patent"). Bravo Company further contends that the '546 Patent and the '600 Patent are invalid.

## THE PARTIES

1. Bravo Company is a corporation organized under the laws of Wisconsin. Bravo Company maintains its research and development facility in the State of Nevada.

2. Bravo Company manufactures and sells firearm equipment and accessories. Among the firearm equipment and accessories sold by Bravo Company are the 5.56MM/223 Mod A44 Black Ambidextrous Charging Handle GFH 556 MOD A44 ("Ambidextrous Charging Handle Model A44").

3. Bravo Company manufactures and sells the Ambidextrous Charging Handle Model A44 under a license from Abrams Airborne Inc., d/b/a Vltor Weapon Systems. Abrams Airborne Inc., d/b/a Vltor Weapon Systems, holds U.S. patent number 8,336,436 B2 for an "Ambidextrous Cam Style Charging Handle" (the "Abrams' '436 Patent"). (Exhibit A, true and correct copy of the Abrams' '436 Patent.)

4. A charging handle is used to engage the bolt assembly of a firearm so that a preliminary cartridge is loaded into the action, as illustrated in Figure 7 of the Abrams '436 Patent:



(*See, e.g.,* Exhibit A (annotation added).)

5. Defendant Bordson is the Chief Executive Officer of Badger Ordnance. Defendant

-2-

2004684590_1

Bordson is identified as the sole inventor of the '600 Patent. Defendant Bordson is also identified as the sole inventor of the '546 Patent, which is a continuation of the '600 Patent. True and correct copies of the '546 Patent and '600 Patent are attached as Exhibit B and C, respectively.

6. If Bordson is, in fact, the sole inventor of the '600 Patent and '546 Patent, he would have certain exclusive rights afforded a patent owner under the United States Patent Act absent an assignment or license of those rights.

7. Defendant Badger Ordnance is a limited liability company organized under the laws of Missouri. The purported principal place of business of Defendant Badger Ordnance is in Kansas City, Missouri.

8. The United States Patent and Trademark Office assignment database does not indicate the recordation of an assignment by and between Bordson and Badger Ordnance for either the '546 Patent or the '600 Patent. On information and belief, including representations by Badger Ordnance's counsel, Badger Ordnance is the owner of the '546 Patent and the '600 Patent.

9. On information and belief, Bordson is believed to own and control Badger Ordnance, including any patent enforcement rights that Badger Ordnance might hold.

10. On information and belief, Bordson would cause Badger Ordnance to operate in concert with Bordson with respect to enforcement of the '546 Patent and '600 Patent.

**JURISDICTION AND VENUE**

11. Jurisdiction is proper in this Court because the litigation arises under federal law, namely 35 U.S.C. § 1 et seq. The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (patents), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

12. This Court has personal jurisdiction over Bordson and Badger Ordnance because they have established minimum contacts with the State of Nevada. Such minimum contacts include providing charging handles marked with Bordson's '600 Patent number for sale by firearm stores in the State of Nevada. For example, such charging handles are made available at the Lock N Load firearm store located at 9340 S. Eastern Ave, Suite 104, Las Vegas, NV 89123. These charging handles include but are not necessarily limited to the "BADGER UNIV CHRG HNDL

-3-

W/AMBI G1 LTCH," which prominently displays the '600 Patent number. The charging handle product introduced into the stream of commerce in the State of Nevada and sold by Lock N Load may be found at http://www.locknloadgunstore.com/p-33628-badger-univ-chrg-hndl-wambi-g1-ltch.aspx, a true and correct copy of said site attached hereto as Exhibit D.

13. On information and belief, at Bordson's direction, Badger Ordnance conducts business in the State of Nevada by both selling Bordon's claimed inventions as well as other products to the State of Nevada consumers through the State of Nevada firearm dealers (*see, e.g.,* Lock N Load's website offering multiple Badger Ordnance products for sale (http://www.locknloadgunstore.com/m-461-badger.aspx) and Badger Ordnance's own website (http://www.badgerordnance.com/products/universal-charging-handle-with-right-and-left-hand-gen-l-tactical-latch-2/). True and correct copies of each of the aforementioned websites are attached hereto as Exhibits E and F, respectively.

14. On information and belief, at Bordson's direction, Badger Ordnance attends the Shooting, Hunting, and Outdoors Trade Show ("SHOT Show") (the largest trade show for professionals involved with shooting sports and law enforcement), which is held annually in Las Vegas, Nevada. Badger Ordnance markets and sells its products to the State of Nevada consumers, Nevada firearm stores, and other buyers at the show (*see* http://shotshow.org/exhibitorlist/, true and correct of copy of the SHOT Show's site listing Badger Ordnance as a 2014 Exhibitor is attached as Exhibits G (highlighting added)). On information and belief, Badger Ordnance intends to continue to introduce its products into the stream of commerce in the State of Nevada by, among other ways, continuing to attend the show and market its products to Nevada consumers and stores (*see* http://shotshow.csgcreative.com/2015-booth-renewel-appointments/, True and correct copy of SHOT Show's site listing when Badger Ordnance can select its booth location for the 2015 show attached as Exhibit H (highlighting added).

15. On information and belief, at Bordson's direction, Badger Ordnance, through its counsel, has made direct allegations of infringement of the '546 Patent and '600 Patent with respect to Bravo Company's Ambidextrous Charging Handle Model A44. Bordson and Badger

-4-

1  Ordnance, through counsel, have further threatened legal action and demanded Bravo Company
2  stop selling the accused product. Bordson and Bravo Company, through counsel, have demanded
3  that Bravo Company dispose of unsold products and financially compensate Badger Ordnance.

4      16. Bravo Company, in addition to its research and development facility in the State of
5  Nevada, sells its accused product to Nevada consumers through Nevada firearm stores. For
6  example, Bravo Company makes its products available in the State of Nevada at the
7  aforementioned Lock N Load firearm store as evidenced by the website located at
8  http://www.locknloadgunstore.com/p-49008-bcm-charging-hndl-556mm223-mod-a44.aspx, a true
9  and correct copy of which is attached hereto as Exhibit I. Bravo Company also makes such
10 products available to the State of Nevada residents through its own website, which may be found
11 at http://www.bravocompanyusa.com/BCMGUNFIGHTER-Charging-Handle-s/123.htm. A true
12 and correct copy of said listing from the Bravo Company website is attached hereto as Exhibit J.

13     17. The infringement allegations, threats of litigation, and demands by Badger
14 Ordnance's counsel—who also maintains an office in the State of Nevada—have all been made
15 within the State of Nevada with resulting harm and injury suffered by Bravo Company in the State
16 of Nevada and the harm continue to occur in the State of Nevada.

17     18. The infringement allegations, threats of litigation, and demands have been made,
18 among other times, on January 10, 2013, and again on February 19, 2014, after which the parties
19 were not able to resolve this dispute. An actual case or controversy has therefore arisen, and the
20 case is justiciable by the United States District Court for the District of Nevada. Venue is proper
21 in this district under 28 U.S.C. § 1391 based on the factual allegations set forth in paragraphs 12
22 through 18.

23 **GENERAL ALLEGATIONS**

24     19. Bravo Company's Ambidextrous Charging Handle Model A44 does not satisfy
25 each and every element of any valid and enforceable claims of the '546 Patent.

26     20. Bravo Company's Ambidextrous Charging Handle Model A44 is covered by a
27 license to the Abrams' '436 Patent.

28     21. During the prosecution of the Abrams' '436 Patent, the patent examiner considered

-5-

2004684590_1

the '546 Patent of the Defendants as prior art, but still issued the Abrams' '436 Patent, notwithstanding the existence of the '546 Patent. The Abrams' '436 Patent is therefore inventive and distinct from the Defendants' '546 Patent.

22. The Ambidextrous Charging Handle Model A44 is—by virtue of at least its license to the Abrams' '436 Patent—likewise inventive and distinct from the claim elements set forth in the '546 Patent.

23. Bravo Company's Ambidextrous Charging Handle Model A44 does not satisfy each and every claim element of any valid and enforceable claims of the '600 Patent.

24. The Ambidextrous Charging Handle Model A44 is inventive and distinct from the claim elements of the '600 Patent.

**Count I**
**(Declaratory Judgment of Non-Infringement the '546 Patent)**

25. Bravo Company hereby incorporates by reference and re-alleges each of the preceding allegations of the Complaint as though expressly stated herein.

26. Bordson and Badger Ordnance's action—either directly or through those acting on their behalf—have given rise to a case or controversy between Bravo Company, Bordson, and Badger Ordnance that is ripe for adjudication regarding whether Bravo Company's Ambidextrous Charging Handle Model A44 infringes the '546 Patent.

27. Declaratory relief is necessary and appropriate in this case because the Court's judgment on the issue of non-infringement will afford Bravo Company relief from the uncertainty and controversy surrounding allegations and threats made by Defendants Bordson and Badger Ordnance.

28. Bravo Company seeks a declaration that any use, manufacture, import, offer of sale, or sale of its Ambidextrous Charging Handle Model A44 does not infringe the '546 Patent literally, under the doctrine of equivalents, or contributorily.

**Count II**
**(Declaratory Judgment of Non-Infringement the '600 Patent)**

29. Bravo Company hereby incorporates by reference and re-alleges each of the

preceding allegations of paragraphs 1-24 of the Complaint as though expressly stated herein.

30. Bordson and Badger Ordnance's action—either directly or through those acting on their behalf—have given rise to an actual case or controversy between Bravo Company, Bordson, and Badger Ordnance that is ripe for adjudication regarding whether Bravo Company's Ambidextrous Charging Handle Model A44 infringes the '600 Patent.

31. Declaratory relief is necessary and appropriate in this case because the Court's judgment on the issue of non-infringement will afford Bravo Company relief from the uncertainty and controversy surrounding allegations and threats made by Defendants Bordson and Badger Ordnance.

32. Bravo Company seeks a declaration that any use, manufacture, import, offer of sale, or sale of its Ambidextrous Charging Handle Model A44 does not infringe the '600 Patent literally, under the doctrine of equivalents, or contributorily.

**Count III**
**(Declaratory Judgment of Invalidity for the '546 Patent)**

33. Bravo Company hereby incorporates by reference and re-alleges each of the preceding allegations of paragraphs 1-24 of the Complaint as though expressly stated herein.

34. Bordson and Badger Ordnance's action—either directly or through those acting on their behalf—have given rise to an actual case or controversy between Bravo Company, Bordson, and Badger Ordnance that is ripe for adjudication regarding whether Bravo Company's Ambidextrous Charging Handle Model A44 infringes the '546 Patent.

35. Declaratory relief is necessary and appropriate in this case because the Court's judgment on the issue of invalidity will afford Bravo Company relief from the uncertainty and controversy surrounding allegations and threats made by Defendants Bordson and Badger Ordnance.

36. One or more claims of the '546 Patent are invalid because they fail to meet the patentability requirements of Title 35, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

37. Bravo Company seeks a declaration that the claims of the '546 Patent are invalid.

**Count IV**
**(Declaratory Judgment of Invalidity for the '600 Patent)**

38. Bravo Company hereby incorporates by reference and re-alleges each of the preceding allegations of paragraphs 1-24 of the Complaint as though expressly stated herein.

39. Bordson and Badger Ordnance's action—either directly or through those acting on their behalf—have given rise to an actual case or controversy between Bravo Company, Bordson, and Badger Ordnance that is ripe for adjudication regarding whether Bravo Company's Ambidextrous Charging Handle Model A44 infringes the '600 Patent.

40. Declaratory relief is necessary and appropriate in this case because the Court's judgment on the issue of invalidity will afford Bravo Company relief from the uncertainty and controversy surrounding allegations and threats made by Defendants Bordson and Badger Ordnance.

41. One or more claims of the '600 Patent are invalid because they fail to meet the patentability requirements of Title 35, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

42. Bravo Company seeks a declaration that the claims of the '600 Patent are invalid.

WHEREFORE, Bravo Company prays for judgment as follows:

a. A declaration that any use, manufacture, import, offer of sale, or sale of its Ambidextrous Charging Handle Model A44 does not infringe the '546 Patent literally, under the doctrine of equivalents, or contributorily;

b. A declaration that any use, manufacture, import, offer of sale, or sale of its Ambidextrous Charging Handle Model A44 does not infringe the '600 Patent literally, under the doctrine of equivalents, or contributorily;

c. The claims of the '546 Patent are invalid;

d. The claims of the '600 Patent are invalid;

e. A holding that this case is exceptional and an award of costs and expenses to Bravo Company, including reasonable attorney fees, in accordance with the provisions of 35 U.S.C. § 285 or other statutes; and

2004684590_1

     f.     An award of interest, costs, and such other relief as this Court deems appropriate.

## **JURY DEMAND**

Plaintiff hereby requests trial by jury on all issues so triable.

DATED: March 14, 2014.

               Respectfully submitted,

               LEWIS ROCA ROTHGERBER LLP

               By: /s/ Jonathan W. Fountain
               JONATHAN W. FOUNTAIN
               Nevada Bar No. 10351
               jfountain@lrrlaw.com
               STEPHANIE S. BUNTIN
               Nevada Bar No. 12339
               sbuntin@lrrlaw.com
               3993 Howard Hughes Parkway, Suite 600
               Las Vegas, NV  89169
               Telephone: 702-949-8200

               COLBY B. SPRINGER
               cspringer@lrrlaw.com
               2440 W. El Camino Real, Sixth Floor
               Mountain View, CA  94040-1499
               Telephone: 650-391-1380

               ADAM L. MASSARO
               amassaro@lrrlaw.com
               1200 Seventeenth Street, Suite 3000
               Denver, CO  80202
               Telephone: 303-623-9000

               Attorneys for Plaintiff Bravo Company USA, Inc.

-9-

2004684590_1