# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRAVO COMPANY USA, INC.,

    Plaintiff,

vs.

BADGER ORDNANCE LLC and MARTIN J. BORDSON,

    Defendants.

Case No. 2:14-cv-00387-RCJ-GWF

**ORDER**

This matter is before the Court on the proposed Discovery Plan and Scheduling Order (#28), filed on June 23, 2014.  The parties disagree as to whether a discovery plan and scheduling order should be entered at this time, or if it is entered, when discovery should commence and other pre-trial deadlines should be set under the civil patent rules in this district.  *See* Local Rules (LR) 16.1-1 et seq., and 26-1(d).

## BACKGROUND AND DISCOVERY

This is an action for declaratory relief in which Plaintiff seeks a declaratory judgment of non-infringement of patents owned or controlled by the Defendants.  *Complaint (#1)*.  Defendants filed a motion to dismiss the complaint on April 23, 2014 on the grounds that this Court lacks personal jurisdiction over them.  On June 16, 2014, District Judge Jones denied Defendants' motion to dismiss without prejudice.  The Court found that the District of Nevada does not have general personal jurisdiction over the Defendants.  The Court also found that Plaintiff have not, as yet, alleged sufficient facts to support the exercise of specific personal jurisdiction over Defendants based on their alleged patent enforcement activities in Nevada.  The Court, however, granted Plaintiff's motion to conduct jurisdictional discovery as follows:

. . .

> The court will permit limited jurisdictional discovery. Plaintiff may have thirty (30) days to send interrogatories to Bordson concerning the limited question of whether and in what ways Bordson or his agents have negotiated or entered into licenses to the Patents in Nevada or sued others in Nevada regarding the Patents, may request production of related documents and may depose Bordson for no more than four (4) hours as to those topics at a place convenient to Bordson.
>
> The Court will not permit Plaintiff to conduct discovery for purpose of obtaining information concerning the ownership rights of the Patents. . . .

*Order (#26), pg. 9.*

Plaintiff is correct that Order (#26) does not expressly stay other discovery, pre-trial deadlines or the filing of a discovery plan and scheduling order. Based on the significant issue regarding personal jurisdiction over the Defendants and the limited scope of jurisdictional discovery authorized by the District Judge, the undersigned finds that a stay of other discovery and pretrial deadlines is justified until a final determination is made on personal jurisdiction. "Generally speaking, 'a pending motion challenging [personal] jurisdiction strongly favors a stay, or at minimum limitations on discovery until the question of jurisdiction is resolved.'" *Kabo Tools Co. v. Porauto Indus. Co., Ltd.*, 2013 WL 5947138, *2 (D.Nev. 2013), citing *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, 2012 U.S. Dist Lexis 146270, *5-6, 2012 WL 4846152, *2 (D.Nev. Oct. 10, 2012). Accordingly,

**IT IS HEREBY ORDERED** that the proposed Discovery Plan and Scheduling Order (#28) is **denied**, without prejudice, as follows: The filing a discovery plan and scheduling order in this case is stayed pending the completion of jurisdictional discovery. This stay shall automatically lift on or before **July 30, 2014**, unless Defendants file a renewed motion to dismiss based on lack of personal jurisdiction. If a renewed motion to dismiss is filed, then the Court will consider extending the stay until the decision on the renewed motion.

DATED this 24th day of June, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge