# Exhibit A

# Exhibit A

1
2
3
4

JONATHAN W. FOUNTAIN
Nevada Bar No. 10351
jfountain@lrrlaw.com
**LEWIS ROCA ROTHGERBER** LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169
Telephone: 702-949-8200

5
6
7
8

COLBY B. SPRINGER
admitted *pro hac vice*
cspringer@lrrlaw.com
**LEWIS ROCA ROTHGERBER** LLP
4300 Bohannon Drive, Suite 230
Menlo Park, CA  94025
Telephone: 650-391-1394

9
10
11
12

ADAM L. MASSARO
admitted *pro hac vice*
amassaro@lrrlaw.com
**LEWIS ROCA ROTHGERBER** LLP
1200 Seventeenth Street, Suite 3000
Denver, CO  80202
Telephone: 303-623-9000

13

Attorneys for Plaintiff Bravo Company USA, Inc.

14
15

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

16
17
18
19
20
21
22

Bravo Company USA, Inc., a Wisconsin
corporation,

                              Plaintiff,

        vs.

Martin J. Bordson d/b/a Badger Ordnance, an
individual,

                              Defendant.

Case No. 2:14-cv-00387-RCJ-GWF

**FIRST AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT**

**(JURY DEMAND)**

23
24
25
26
27
28

-1-

5227114_1

Plaintiff Bravo Company USA, Inc. ("Bravo Company"), submits its first amended complaint for declaratory judgment against Martin J. Bordson d/b/a Badger Ordnance ("Bordson") seeking a declaration that certain Bravo Company products do not infringe U.S. patent numbers 7,900,546 B2 (the "'546 Patent") and 7,240,600 B1 (the "'600 Patent"). Bravo Company further contends that the '546 Patent and the '600 Patent are invalid.

## THE PARTIES

1.  Bravo Company is a corporation organized under the laws of Wisconsin. Bravo Company maintains its research and development facility in the State of Nevada.

2.  Bravo Company manufactures and sells firearm equipment and accessories. Among the firearm equipment and accessories sold by Bravo Company are the 5.56MM/223 Mod A44 Black Ambidextrous Charging Handle GFH 556 MOD A44 ("Ambidextrous Charging Handle Model A44").

3.  Bravo Company manufactures and sells the Ambidextrous Charging Handle Model A44 under a license from Abrams Airborne Inc., d/b/a Vltor Weapon Systems. Abrams Airborne Inc., d/b/a Vltor Weapon Systems, holds U.S. patent number 8,336,436 B2 for an "Ambidextrous Cam Style Charging Handle" (the "Abrams' '436 Patent"). (Exhibit A, true and correct copy of the Abrams' '436 Patent.)

4.  A charging handle is used to engage the bolt assembly of a firearm so that a preliminary cartridge is loaded into the action, as illustrated in Figure 7 of the Abrams '436 Patent:



(*See, e.g.,* Exhibit A (annotation added).)

5.  Defendant Bordson is identified as the sole inventor of the '600 Patent. Defendant

3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

5227114_1

Bordson is also identified as the sole inventor of the '546 Patent, which is a continuation of the '600 Patent. True and correct copies of the '546 Patent and '600 Patent are attached as Exhibit B and C, respectively.

6.    Upon information and belief, Bordson is the sole inventor of the '600 Patent and '546 Patent and has certain exclusive rights afforded a patent owner under the United States Patent Act absent an assignment or license of those rights.

7.    The United States Patent and Trademark Office assignment database does not indicate the recordation of an assignment by and between Bordson and any other party for either the '546 Patent or the '600 Patent. On information and belief, Bordson is the owner of the '546 Patent and the '600 Patent.

8.    On information and belief, Bordson, individually, operates and does business under the trade name Badger Ordnance.

## JURISDICTION AND VENUE

9.    Jurisdiction is proper in this Court because the litigation arises under federal law, namely 35 U.S.C. § 1 *et seq.* The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (patents), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

10.   This Court has personal jurisdiction over Bordson d/b/a Badger Ordnance because Bordson has established minimum contacts with the State of Nevada. Such minimum contacts include providing charging handles marked with Bordson's '600 Patent number for sale by firearm stores in the State of Nevada. For example, such charging handles are made available at the Lock N Load firearm store located at 9340 S. Eastern Ave, Suite 104, Las Vegas, NV 89123. These charging handles include but are not necessarily limited to the "BADGER UNIV CHRG HNDL W/AMBI G1 LTCH," which prominently displays the '600 Patent number. The charging handle product introduced into the stream of commerce in the State of Nevada and sold by Lock N Load may be found at http://www.locknloadgunstore.com/p-33628-badger-univ-chrg-hndl-wambi-g1-ltch.aspx, a true and correct copy of said site attached hereto as Exhibit D.

11.   On information and belief, at Bordson conducts business in the State of Nevada by

3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

both selling patented products as well as other products to Nevada consumers through Nevada firearms dealers (*see, e.g.,* Lock N Load's website offering multiple Badger Ordnance products for sale (http://www.locknloadgunstore.com/m-461-badger.aspx) and his own website (http://www.badgerordnance.com/products/universal-charging-handle-with-right-and-left-hand-gen-l-tactical-latch-2/). True and correct copies of each of the aforementioned websites are attached hereto as Exhibits E and F, respectively.

12. Bordson attends the Shooting, Hunting, and Outdoors Trade Show ("SHOT Show") (the largest trade show for professionals involved with shooting sports and law enforcement), which is annually held in Las Vegas, Nevada. Bordson (d/b/a Badger Ordnance) markets and sells his patented products to Nevada consumers, Nevada firearm stores, and other buyers at the show (*see* http://shotshow.org/exhibitorlist/, true and correct of copy of the SHOT Show's site listing Badger Ordnance as a 2014 Exhibitor is attached as Exhibits G (highlighting added)). On information and belief, Bordson intends to continue to introduce his patented products into the stream of commerce in the State of Nevada by, among other ways, continuing to attend the show and market his products to Nevada consumers and stores (*see* http://shotshow.csgcreative.com/2015-booth-renewel-appointments/. A true and correct copy of the SHOT Show's site listing when Badger Ordnance can select his booth location for the 2015 SHOT Show is attached as Exhibit H (highlighting added).

13. At Bordson's direction, his Nevada-based counsel and patent enforcement agent has made direct allegations of infringement of the '546 Patent and '600 Patent with respect to Bravo Company's Ambidextrous Charging Handle Model A44. Bordson, through his Nevada-based counsel and patent enforcement agent, has further threatened legal action and demanded Bravo Company stop selling the accused product. Bordson, through his Nevada-based counsel and patent enforcement agent, has demanded that Bravo Company dispose of unsold products and financially compensate Bordson.

14. Bravo Company, in addition to its research and development facility in the State of Nevada, sells its accused product to Nevada consumers through Nevada firearms stores. For example, Bravo Company makes its products available in the State of Nevada at the

-4-

3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

aforementioned Lock N Load firearm store as evidenced by the website located at http://www.locknloadgunstore.com/p-49008-bcm-charging-hndl-556mm223-mod-a44.aspx, a true and correct copy of which is attached hereto as Exhibit I.  Bravo Company also makes such products available to Nevada residents through its own website, which may be found at http://www.bravocompanyusa.com/BCMGUNFIGHTER-Charging-Handle-s/123.htm.  A true and correct copy of said listing from the Bravo Company website is attached hereto as Exhibit J.  Bravo Company also attends the SHOT Show in Las Vegas, Nevada, to market its accused products and sells those products to consumers within the State of Nevada.

15.     Bordson—through his Nevada-based attorney and enforcement agent, Bennet Langlotz, Esq., has routinely sent cease and desist letters to other alleged infringers days before the SHOT Show is to commence.

16.     One of these letters was sent to Bravo Company, whose products were displayed and marketed at the 2013 SHOT Show.

17.     Sending such cease and desist letters mere days before the Las Vegas, Nevada, SHOT Show evidences continued, directed, and intentional efforts by Bordson and his Nevada-based attorney and enforcement agent to try to discourage accused infringers from marketing their products at the show and competing with Bordson's patented device.

18.     Bordson's Nevada-based attorney and enforcement agent has publically stated in a book written by Bordson's Nevada-based attorney and enforcement agent that "[t]he threat of a patent lawsuit will cause most infringers to stop."

19.     Bordson's Nevada-based attorney and enforcement agent has publically stated in a book written by Bordson's Nevada-based attorney and enforcement agent that "a brief letter . . . along with a copy of the patent, is all it takes to get the products pulled from the shelves" because "companies have no desire to get tangled up in a losing patent litigation . . . .  Problem solved."

20.     Nine of ten cease and desist letters sent by Bordson were sent within weeks of the annual Las Vegas, Nevada, SHOT Show.

21.     Bordson has also made the Nevada public aware—through publically available writings—of the existence of his patents.

-5-

5227114_1

22.     Bordson has also made the Nevada public aware of his patents through his "Web presence" in Nevada.

23.     Bordson also has granted patent license agreements that grant licensees the right to make, have made, use, sell, distribute, or offer to sell licensed products within the State of Nevada.

24.     Any of Bordson's patented products sold in the State of Nevada would bear the number of his patents.

25.     Bordson requires his licensees to mark any product sold in the State of Nevada with the number of his patents.

26.     Bordson's actions demonstrate that he purposefully made persons located in Nevada aware of the existence of his patents for one reason—to enforce his patent rights within the State of Nevada.  Bordson directly targets persons in Nevada for the purpose of discouraging would-be infringers, including but not limited to those attending the Las Vegas, Nevada, SHOT Show, from making, using, or selling accused products within the State of Nevada.  These deliberate, targeted enforcement activities were no mistake.  Instead, they provide further minimum contacts with the State of Nevada.

27.     Bordson and/or his Nevada-based attorney and enforcement agent annually attend the SHOT Show in Nevada for the purpose of, *inter alia*, identifying accused products.

28.     Bordson travels semi-regularly to Nevada and plans to continue to do so.  Bordson comes to Nevada every year to the Las Vegas, Nevada, SHOT Show, in part, to review accused products.  Bordson and/or his Nevada-based attorney and enforcement agent use the Las Vegas, Nevada, SHOT show to monitor other charging handles on the market and to identify potential infringing products.

29.     Bordson and his Nevada-based attorney and enforcement agent attended the SHOT Show every year for the last five years and they par took in the same Nevada oriented enforcement each year.

30.     Every year Bordson and his Nevada-based attorney and enforcement agent  used the show for the purpose of identifying potentially infringing products and taking actions to enforce Bordson's patent rights.

-6-

3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

31.     Bordson would also consult with his Nevada-based attorney and enforcement agent before directing him to send cease and desist letters.

32.     A significant number of these consultations occurred while Bordson's Nevada-based attorney and enforcement agent was operating in Nevada from at least 2011 to 2013.

33.     Langlotz's cease and desist communications—sent on behalf of Bordson as his Nevada based attorney and enforcement agent—also invited individuals to send parcels to his Nevada office for analysis and review.

34.     Certain parcels were received at Langlotz's Nevada office.

35.     The infringement allegations, threats of litigation, and other enforcement efforts by Bordson and his Nevada-based attorney and enforcement agent have all been made within the State of Nevada or directed at the state, with resulting harm and injury suffered by Bravo Company in the State of Nevada and the harm continue to occur in the State of Nevada.

36.     The infringement allegations, threats of litigation, and demands have been made, among other times, on January 10, 2013, and again on February 19, 2014, after which the parties were not able to resolve this dispute.  An actual case or controversy has therefore arisen, and the case is justiciable by the United States District Court for the District of Nevada.  Venue is proper in this district under 28 U.S.C. § 1391 based on the factual allegations set forth in paragraphs 12 through 18.

## GENERAL ALLEGATIONS

37.     Bravo Company's Ambidextrous Charging Handle Model A44 does not satisfy each and every element of any valid and enforceable claims of the '546 Patent.

38.     Bravo Company's Ambidextrous Charging Handle Model A44 is covered by a license to the Abrams' '436 Patent.

39.     During the prosecution of the Abrams' '436 Patent, the patent examiner considered the '546 Patent of the Defendant as prior art, but still issued the Abrams' '436 Patent, notwithstanding the existence of the '546 Patent.  The Abrams' '436 Patent is therefore inventive and distinct from the Defendant's '546 Patent.

40.     The Ambidextrous Charging Handle Model A44 is—by virtue of at least its license

3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

-7-

to the Abrams' '436 Patent—likewise inventive and distinct from the claim elements set forth in the '546 Patent.

41.    Bravo Company's Ambidextrous Charging Handle Model A44 does not satisfy each and every claim element of any valid and enforceable claims of the '600 Patent.

42.    The Ambidextrous Charging Handle Model A44 is inventive and distinct from the claim elements of the '600 Patent.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement the '546 Patent)

43.    Bravo Company hereby incorporates by reference and re-alleges each of the preceding allegations of the Complaint as though expressly stated herein.

44.    Bordson's action—either directly or through those acting on his behalf—have given rise to a case or controversy between Bravo Company and Bordson that is ripe for adjudication regarding whether Bravo Company's Ambidextrous Charging Handle Model A44 infringes the '546 Patent.

45.    Declaratory relief is necessary and appropriate in this case because the Court's judgment on the issue of non-infringement will afford Bravo Company relief from the uncertainty and controversy surrounding allegations and threats made by Defendant Bordson.

46.    Bravo Company seeks a declaration that any use, manufacture, import, offer of sale, or sale of its Ambidextrous Charging Handle Model A44 does not infringe the '546 Patent literally, under the doctrine of equivalents, or contributorily.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement the '600 Patent)

47.    Bravo Company hereby incorporates by reference and re-alleges each of the preceding allegations of the Complaint as though expressly stated herein.

48.    Bordson's action—either directly or through those acting on their behalf—have given rise to an actual case or controversy between Bravo Company and Bordson that is ripe for adjudication regarding whether Bravo Company's Ambidextrous Charging Handle Model A44 infringes the '600 Patent.

5227114_1

49.     Declaratory relief is necessary and appropriate in this case because the Court's judgment on the issue of non-infringement will afford Bravo Company relief from the uncertainty and controversy surrounding allegations and threats made by Defendant Bordson.

50.     Bravo Company seeks a declaration that any use, manufacture, import, offer of sale, or sale of its Ambidextrous Charging Handle Model A44 does not infringe the '600 Patent literally, under the doctrine of equivalents, or contributorily.

### THIRD CAUSE OF ACTION
### (Declaratory Judgment of Invalidity for the '546 Patent)

51.     Bravo Company hereby incorporates by reference and re-alleges each of the preceding allegations of the Complaint as though expressly stated herein.

52.     Bordson's action—either directly or through those acting on their behalf—have given rise to an actual case or controversy between Bravo Company and Bordson that is ripe for adjudication regarding whether Bravo Company's Ambidextrous Charging Handle Model A44 infringes the '546 Patent.

53.     Declaratory relief is necessary and appropriate in this case because the Court's judgment on the issue of invalidity will afford Bravo Company relief from the uncertainty and controversy surrounding allegations and threats made by Defendant Bordson.

54.     One or more claims of the '546 Patent are invalid because they fail to meet the patentability requirements of Title 35, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

55.     Bravo Company seeks a declaration that the claims of the '546 Patent are invalid.

### FOURTH CAUSE OF ACTION
### (Declaratory Judgment of Invalidity for the '600 Patent)

38.     Bravo Company hereby incorporates by reference and re-alleges each of the preceding allegations of the Complaint as though expressly stated herein.

39.     Bordson's action—either directly or through those acting on their behalf—have given rise to an actual case or controversy between Bravo Company and Bordson that is ripe for adjudication regarding whether Bravo Company's Ambidextrous Charging Handle Model A44

-9-

5227114_1

3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

infringes the '600 Patent.

40.     Declaratory relief is necessary and appropriate in this case because the Court's judgment on the issue of invalidity will afford Bravo Company relief from the uncertainty and controversy surrounding allegations and threats made by Defendant Bordson.

41.     One or more claims of the '600 Patent are invalid because they fail to meet the patentability requirements of Title 35, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

42.     Bravo Company seeks a declaration that the claims of the '600 Patent are invalid.

WHEREFORE, Bravo Company prays for judgment as follows:

a.      A declaration that any use, manufacture, import, offer of sale, or sale of its Ambidextrous Charging Handle Model A44 does not infringe the '546 Patent literally, under the doctrine of equivalents, or contributorily;

b.      A declaration that any use, manufacture, import, offer of sale, or sale of its Ambidextrous Charging Handle Model A44 does not infringe the '600 Patent literally, under the doctrine of equivalents, or contributorily;

c.      The claims of the '546 Patent are invalid;

d.      The claims of the '600 Patent are invalid;

e.      A holding that this case is exceptional and an award of costs and expenses to Bravo Company, including reasonable attorney fees, in accordance with the provisions of 35 U.S.C. § 285 or other statutes; and

f.      An award of interest, costs, and such other relief as this Court deems appropriate.

///
///
///
///
///
///
///

-10-

5227114_1

1

## JURY DEMAND

2   Plaintiff demands trial by jury on all issues so triable.

3   Dated: this 22nd day of December, 2014

4                                          Respectfully submitted,

5                                          LEWIS ROCA ROTHGERBER LLP

6                                          By: /s/ Jonathan W. Fountain
                                           JONATHAN W. FOUNTAIN
7                                          Nevada Bar No. 10351
                                           jfountain@lrrlaw.com
8                                          3993 Howard Hughes Parkway, Suite 600
                                           Las Vegas, NV  89169
9                                          Telephone:  702-949-8200

10                                         COLBY B. SPRINGER
                                           cspringer@lrrlaw.com
11                                         4300 Bohannon Drive, Suite 230
                                           Menlo Park, CA  94025
12                                         Telephone:  650-391-1394

13                                         ADAM L. MASSARO
                                           amassaro@lrrlaw.com
14                                         1200 Seventeenth Street, Suite 3000
                                           Denver, CO  80202
15                                         Telephone:  303-623-9000

16                                         Attorneys for Plaintiff Bravo Company USA, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

-11-

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 22, 2014, I caused a true and accurate copy of the foregoing document entitled, **FIRST AMENDED COMPLAINT   FOR DECLARATORY JUDGMENT**, to be filed with the Clerk of the Court using the Court's CM/ECF system, which will send electronic notice of the same to the following counsel of record:

- **Philip R. Erwin**
  perwin@campbellandwilliams.com, pre@campbellandwilliams.com

- **J. Colby Williams**
  jcw@campbellandwilliams.com

- **William B. Nash**
  bill.nash@haynesboone.com

- **Jason W. Whitney**
  jason.whitney@haynesboone.com

Dated: this 22nd day of December, 2014

/s/ Jonathan W. Fountain
An Employee of Lewis Roca Rothgerber LLP

5227114_1