JONATHAN W. FOUNTAIN
Nevada Bar No. 10351
jfountain@lrrlaw.com
**LEWIS ROCA ROTHGERBER** LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169
Telephone: 702-949-8200

COLBY B. SPRINGER
admitted *pro hac vice*
cspringer@lrrlaw.com
**LEWIS ROCA ROTHGERBER** LLP
4300 Bohannon Drive, Suite 230
Menlo Park, CA  94025
Telephone: 650-391-1394

ADAM L. MASSARO
admitted *pro hac vice*
amassaro@lrrlaw.com
**LEWIS ROCA ROTHGERBER** LLP
1200 Seventeenth Street, Suite 3000
Denver, CO  80202
Telephone: 303-623-9000

Attorneys for Plaintiff Bravo Company USA,
Inc.

WILLIAM B. NASH
admitted *pro hac vice*
bill.nash@haynesboone.com
**HAYNES AND BOONE, LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Fax: (214) 651-5940

JASON W. WHITNEY
admitted *pro hac vice*
jason.whitney@haynesboone.com
**HAYNES AND BOONE, LLP**
112 E. Pecan Street, Suite 1200
San Antonio, Texas 78205
Telephone: (210) 978-7000
Fax: (210) 978-7450

DONALD J. CAMPBELL
Nevada Bar No. 1216
djc@cwlawlv.com
J. COLBY WILLIAMS
Nevada Bar No. 5549
jcw@cwlawlv.com
**CAMPBELL & WILLIAMS**
700 South Seventh Street
jcw@cwlawlv.com
Las Vegas, Nevada  89101
Telephone: (702) 382-5222
Fax: (702) 382-0540

Attorneys for Defendant Martin J. Bordson

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Bravo Company USA, Inc., a Wisconsin corporation,<br><br>                              Plaintiff,<br><br>        vs.<br><br>Martin J. Bordson, an individual,<br><br>                              Defendants. | Case No. 2:14-cv-00387- RCJ-GWF<br><br>~~(PROPOSED)~~ STIPULATED PROTECTIVE ORDER |

6211728_1

**(PROPOSED) STIPULATED PROTECTIVE ORDER**

Plaintiff Bravo Company USA, Inc. and Defendant Martin J. Bordson, by and through their legal counsel, (collectively, the ''Parties'' or individually as "Party"), hereby stipulate and request that the following Protective Order be entered by the Court in the above entitled action.

It is therefore ORDERED as follows:

**NATURE OF INFORMATION AND MATERIALS PROTECTED**

1.      **Applicability**

The confidentiality provisions of this Order shall apply to all depositions, productions of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence, and any other information that a producing party may designate as confidential in connection with this action.

2.      **Designation of Confidential Information or Confidential—Attorneys Eyes Only Information**

a.      Any document, portion of document, or other form of evidence or discovery that contains trade secret or other confidential research, development, or commercial information, including sensitive financial information and proprietary technical and business information, maintained as confidential may be designated by the Designating Party as Confidential Information or Confidential—Attorneys Eyes Only Information and shall be subject to the terms and restrictions of this Protective Order.

b.      The term "Designating Party" shall mean any party to this action, as well as any third party to the litigation (including counsel for such third party) who requests the protections provided by this Protective Order, who produces information pursuant to any discovery request.

c.      The term "Receiving Party'' shall mean the party hereto who is the recipient of information supplied by a Designating Party.

d.      The term "Confidential Information" means information that the Designating Party deems to constitute trade secrets, confidential research, proprietary technical information, commercial information, business information, personnel files, personal information that is

protected by law, financial information, processes, operations, research, know-how, or information concerning the production, marketing, services, shipments, purchases, transfers of the producing party, or other information that is not excepted from this Order by paragraph 2(f) below and the disclosure of which: (i) is likely to have the effect of harming the competitive position of the producing party, or (ii) would violate an obligation of confidentiality to a third person, including a court.

e.  The term "Confidential—Attorneys Eyes Only Information" means information that the Designating Party believes, reasonably and in good faith, is unknown to the opposing party or parties and meets the qualifications set forth herein, is not excepted from this Order by paragraph 2(f) below, and: (i) is information of the Designating Party, which, if disclosed to persons described herein, would likely harm the Designating Party's competitive position, which may include sensitive technical (e.g., current or prospective research and development), business or non-public financial information (including, but not limited to, amount or source of any income, profits, losses, or expenditures, sales information, and pricing information), marketing or business plans, the names or other information tending to reveal the identities of a Party's present or prospective customers, and the names or other information tending to reveal the identities of a Party's suppliers or distributors and further limiting its access to a more restrictive group of persons or (ii) is information owned by another person that the Designating Party is under a contractual or legal obligation to protect from disclosure.

f.  Information shall be excepted from this Order if: (1) the information was already known to the Receiving Party by lawful means (and was not acquired from someone who unlawfully had or lacked authority to provide the confidential information) prior to acquiring it from, or it being disclosed by, another party in this litigation; (2) the information is or becomes publicly known through no act, omission, or fault of the Receiving Party and the material is not able to be recalled or removed from the public domain (such as by removal of a document from an electronic filing system for re-filing under seal); or (3) is in the public domain at the time of disclosure, as evidenced by a written document; or (4) the information is rightfully obtained by the Receiving Party from a third-party that has authority to provide such information to the Receiving

-3-

6211728_1

Party.

g.      The terms and restrictions of this Protective Order apply not only to those items or things which are expressly designated as Confidential Information or Confidential—Attorneys Eyes Only Information, but also to all copies, abstracts, excerpts, descriptions, analyses and summaries thereof, as well as to testimony and oral conversations that contain or disclose Confidential Information or Confidential—Attorneys Eyes Only Information derived therefrom or related thereto.

h.      The designation of Confidential Information or Confidential—Attorneys Eyes Only Information shall be made at the following times:

(i)      for documents, at the time of the production of the documents;

(ii)      for written responses to interrogatories or requests for admissions, at the time of the written response;

(iii)      for declarations and pleadings, at the time they are filed;

(iv)      for inspection of things or entry upon land or other property, prior to the inspection or entry; and

(v)      for deposition testimony, on record during the deposition or by written notice to all counsel of record within thirty (30) calendar days after receipt by the Designating Party of the deposition transcript. If no such designation has been made, pending the expiration of said thirty (30) days after receipt by the Designating Party of the deposition transcript, all parties shall presumptively treat the deposition transcript as Confidential—Attorneys Eyes Only Information. If no portions of the transcript are designated as Confidential Information or Confidential—Attorneys Eyes Only Information by any Party on record during the deposition or by written notice to all counsel of record within said thirty (30) days, the transcript shall be considered to not be designated as Confidential or Confidential—Attorneys Eyes Only Information. Counsel for each Party to this action shall be responsible for marking the designated portions of copies of the transcript in their possession with the legend ''CONFIDENTIAL'' or "ATTORNEYS EYES ONLY" if written notice is provided within said thirty (30) days. With regard to

-4-

designations of Confidential Information made during the deposition, the Designating

Party shall have the right to have all persons, except the deponent and its counsel, counsel

for named parties, the court reporter, and such other persons bound by this Protective Order

who are permitted access to Confidential Information, excluded from a deposition, or any

portion thereof, before the taking of testimony which has been designated as Confidential

Information under this Protective Order. With regard to designations of Confidential—

Attorneys Eyes Only Information made during the deposition, the Designating Party shall

have the right to have all persons, except the deponent and its counsel, counsel for named

parties, the court reporter, and such other persons bound by this Protective Order who are

permitted access to Confidential—Attorneys Eyes Only Information, excluded from a

deposition, or any portion thereof, before the taking of testimony which has been

designated as Confidential—Attorneys Eyes Only Information under this Protective Order.

To the extent possible, and at the expense of the party requesting this procedure, the court

reporter shall segregate into separate transcripts information designated as Classified

Information with blank, consecutively numbered pages being provided in a non-designated

main transcript. The separate transcript containing Classified Information shall have page

numbers that correspond to the blank pages in the main transcript.

    i.     The designation of Confidential Information or Confidential—Attorneys Eyes Only

Information shall be made by marking each page of the document, declaration, or pleadings

"CONFIDENTIAL" or "ATTORNEYS EYES ONLY"; for tangible objects, by placing the legend

"CONFIDENTIAL" or "ATTORNEYS EYES ONLY" on the object or the container therefor, or

if not practicable, as otherwise agreed; for written responses to written interrogatories or requests

for admissions, by placing the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" in

the relevant responses and on the face of any such responses;, and  for electronic files produced in

native format, by placing the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" on the

disk or other storage media containing the electronic files. With respect to electronic files

produced in native format, the Confidential or Confidential—Attorneys Eyes Only designations

apply to the files in their entirety, including all content and any metadata. A Designating Party

producing information from its own files for inspection and selection for copying by a Receiving Party has the right to require that the Receiving Party, during the course of the inspection and selection process, to treat all such documents and materials made available during the inspection as Confidential—Attorneys Eyes Only Information until such time the documents and materials selected for production may be reviewed by the Designating Party and individually designated "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."

j.      It shall be the duty of the Party seeking protection of Confidential Information or Confidential—Attorneys Eyes Only Information to indicate to the other Party and its attorney of record which of the materials and testimony are considered Confidential Information or Confidential—Attorneys Eyes Only Information.

k.      Each Party retains the right to subsequently redesignate documents it has produced and to require such documents to be treated in accord with such designations from that time forward. Upon redesignation of any document to a higher level of confidentiality as Confidential Information or Confidential—Attorneys Eyes Only Information, the Receiving Party shall take reasonable efforts to secure the return of the redesignated document from unqualified persons as described herein, and if data or information has been extracted or copied from a redesignated document by an unqualified person, that information or data shall be expunged and not used by the unqualified person.

## RESTRICTIONS ON ACCESS TO CONFIDENTIAL INFORMATION

3.      **Access to Confidential Information**

Access to documents, testimony or other materials designated "CONFIDENTIAL" shall be limited to, and only to, the following "qualified persons":

a.      Counsel of record for any Party who is assisting in this action (including other law firm attorneys, and law firm personnel such as necessary secretarial, clerical, and litigation support or copy service personnel assisting such counsel);

b.      In-house counsel (including in-house clerical staff for in-house counsel);

c.      Entities or individuals retained by the attorneys to provide litigation support services in this action;

-6-

6211728_1

d.      Outside independent experts and consultants, and their administrative or clerical staff, who are not employed by the Receiving Party and are not officers, members, or agents of parties or affiliates of parties, but retained by the Receiving Party or its attorneys of record in this litigation, for the purposes of assisting in preparation of this litigation for trial such as an accountant, statistician, economist, technical consultant or other technical expert in so far as the attorneys of record may deem it necessary for the preparation or trial of this case to consult with such experts or consultants.

e.      No more than two (2) limited, designated employees of each Party (other than those individuals identified in 3(b) above) who are required in good faith to assist in the conduct of the litigation, provided that the individuals first execute an affidavit, in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Protective Order, and that those affidavits are served on the Designating Party five (5) business days before any disclosure is made;

f.      Court reporters and videotape technicians employed in depositions in this action;

g.      The Court and its personnel;

h.      Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

i.      Such other person as hereafter may be designated by written agreement in this action or by Order of the Court; and

j.      Any person who was an author, addressee, or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided such persons may see and use the Confidential information but not retain a copy, unless the person had already retained a copy.

4.      **Access to Confidential—Attorneys Eyes Only Information**

Access to information designated "ATTORNEYS EYES ONLY" shall be limited to, and only to, those persons listed in paragraphs 3(a), 3(c), 3(d), 3(f), 3(g), 3(h), and 3(i).

During the pendency of this litigation, including all appeals, any person who has access to information designated as ATTORNEYS EYES ONLY shall not draft, file or prosecute, or advise or counsel or assist in any way in the preparation, drafting, filing or prosecuting, of any patent

-7-

applications, including amendments thereto, including but not limited to new, continuation, divisional or continuation-in-part applications, including any interference, reissue, reexamination or other proceeding including any *inter partes* review proceeding before the Patent Trial and Appeal Board, before any United States or foreign agency, for any subject matter relating to charging handles for firearms.  For a period of two years following the conclusion of this litigation, including all appeals, any person who has access to information designated as ATTORNEYS EYES ONLY shall not draft, file or prosecute, or advise or counsel or assist in any way in the preparation, drafting, filing or prosecuting, of any patent applications, including amendments thereto, including but not limited to new, continuation, divisional or continuation-in-part applications, including any interference, reissue, reexamination or other proceeding including any *inter partes* review proceeding before the Patent Trial and Appeal Board, before any United States or foreign agency, for any subject matter relating to charging handles for firearms.

In the event that additional patents are asserted in this action, the Parties may revisit this Section 4.

5.      **Disclosure to Experts**

Each independent expert and consultant referred to in paragraph 3(d) of this Protective Order to whom Confidential Information or Confidential—Attorneys Eyes Only Information is to be given, shown, disclosed, made available or communicated in any way, shall first execute an affidavit, in substantially the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Protective Order. Before providing any Confidential Information or Confidential—Attorneys Eyes Only Information to the expert or consultant, notice must be provided in writing to all other parties that said person has been designated as an independent expert and consultant as referred to in paragraph 5(d) of this Protective Order. In the event that any party in good faith disagrees with the disclosure to the expert or consultant, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Confidential Information or Confidential—Attorneys Eyes Only Information is requested subsequent to the designation of the expert or consultant, 14 days from service of the request to move the court for

an order denying the designated person (a) status as an expert or consultant eligible to receive Confidential Information or Confidential—Attorneys Eyes Only Information, or (b) access to particular Confidential Information or Confidential—Attorneys Eyes Only Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Confidential Information or Confidential—Attorneys Eyes Only Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

6.      **Disclosure to Certain Persons Associated with Producing Party**

Nothing in this Order shall preclude any Party to the lawsuit or their attorneys from showing a document designated as ''CONFIDENTIAL'' or "ATTORNEYS EYES ONLY" to an individual employed by the producing party who prepared or reviewed or received the document prior to the filing of this action.

7.      **No Waiver of Right or Obligation to Object to Production**

Nothing contained in this Order shall be construed as a waiver by any Party of its right to object to the subject matter of any request for production of documents in this action, or as a waiver by any other Party of the first Party's obligation to make proper responses to discovery requests. The entry of this Order shall not be construed as an agreement by any Party to produce any documents or to supply any information and shall not constitute an admission that any such documents that may exist are relevant or material in any way to the issues raised in the pending action or admissible in such action, nor as a waiver of any privilege with respect thereto.

8.      **Requests for Additional Protection**

This Order shall be without prejudice to the right of the Parties to request additional protection under Federal Rule of Civil Procedure 26(c) for discovery requests made hereafter by any Party.

9.      **Future Representation by Counsel**

It is not the intent of the Parties, or of the Court, that an attorney or law firm that acquires knowledge of or is given access to Confidential Information or Confidential—Attorneys Eyes

6211728_1

Only Information pursuant to this Order should thereby be disqualified from other representations adverse to the producing party solely because of such knowledge or access.

## USE OF CONFIDENTIAL INFORMATION OR CONFIDENTIAL—ATTORNEYS EYES ONLY INFORMATION

10.   **Generally**

Confidential Information or Confidential—Attorneys Eyes Only Information disclosed pursuant to this Protective Order shall be held in confidence by each person to whom it is disclosed. Confidential Information or Confidential—Attorneys Eyes Only Information shall be used only for purposes of this action and any pending related patent infringement action between the parties subject to the entry of an appropriate protective order by the court in the patent infringement action; it shall not be used for any non-litigation purpose, including but not limited to any competitive commercial, business, research, development and/or patent prosecution purpose.

11.   **In Conduct of This Action**

a.      Confidential Information or Confidential—Attorneys Eyes Only Information may be used by the attorneys of record in good faith in conducting discovery, provided that the Confidential Information or Confidential—Attorneys Eyes Only Information is protected pursuant to the terms and conditions of this Protective Order.

b.      Confidential Information or Confidential—Attorneys Eyes Only Information may be disclosed to a witness not already allowed access to such information under this Protective Order only if:

(i)      the Confidential Information or Confidential—Attorneys Eyes Only Information was previously received or authored by the witness or was authored or received by a director, officer, employee or agent of the entity for which the witness is testifying as a Rule 30(b)(6) designee;

(ii)     the Confidential Information or Confidential—Attorneys Eyes Only Information was produced by or obtained from the witness or from an entity for whom the witness is or was a director, officer, employee, consultant or agent;

(iii)    counsel for the Party designating the material as Confidential Information or

-10-

Confidential—Attorneys Eyes Only Information agrees that the material may be disclosed to the witness; or

(iv)     upon order of the Court for good cause shown.

Notwithstanding, the Confidential Information or Confidential—Attorneys Eyes Only Information will retain its designation for all purposes.

c.     If the Confidential Information or Confidential—Attorneys Eyes Only Information is used in any deposition, then, at the option of the Designating Party, that portion of the proceeding shall be conducted outside the presence of all unqualified persons and any testimony or transcript relating thereto shall be designated as Confidential Information or Confidential—Attorneys Eyes Only Information. In the event of disclosure under this paragraph, only the court reporter, videographer, deponent, his/her counsel, and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential Information or Confidential—Attorneys Eyes Only Information. Disclosure of Confidential Information or Confidential—Attorneys Eyes Only Information pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

d.     A Party is free to do whatever it desires with its own Confidential Information or Confidential—Attorneys Eyes Only Information.

12.     **No Waiver**

This Protective Order is intended to provide a mechanism for the handling of Confidential Information and Confidential—Attorneys Eyes Only Information in this action. Other than as specified herein, neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any designation, nor any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief in this action or any other action including, but not limited to, the right to seek confidentiality protections greater than those provided for in this order, the right to claim that any information is or is not proprietary to any Party, is or is not entitled to particular protection or that such information does or does not embody trade secrets of any Party.

///

-11-

6211728_1

13.     **Subpoena from Third Parties**

In the event any Party or nonparty having possession, custody or control of any Confidential Information or Confidential—Attorneys Eyes Only Information receives a subpoena or other process or order to produce such information from a third party, such party or nonparty shall notify the attorneys of record of the Designating Party of the Confidential Information or Confidential—Attorneys Eyes Only Information sought by such subpoena or other process or order, shall furnish those attorneys of record with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party or nonparty claiming such confidential treatment. The Party or nonparty asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. The Party or person receiving the subpoena or other process or order will not produce Confidential Information or Confidential—Attorneys Eyes Only Information so long as any motion or proceeding initiated to bar disclosure is pending.

## FILING CONFIDENTIAL INFORMATION WITH THE COURT

14.     **Filing Under Seal**

Absent written permission from the Designating Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any information, document, or materials designated as Confidential Information or Confidential—Attorneys Eyes Only Information.

Any Party is authorized under Civil Local Rule 10-5 to file under seal with the Court any brief, document or materials that are designated as Confidential Information or Confidential—Attorneys Eyes Only Information under this Order.

## INADVERTENT PRODUCTION, DESIGNATION, OR DISCLOSURE

15.     **Privileged Material**

The production of any document governed by this Protective Order shall be without prejudice to any claim by the producing party or non-party that any such document, or information contained in such document, is privileged or work product, and no Party or non-party shall be held to have waived any of its privilege or work-product rights by such production. If, after documents

-12-

have been produced, a claim of privilege or work-product protection is made in writing or

verbally, followed by a writing documenting the claim of privilege, to each Party to which the

documents were produced, each such Receiving Party shall take reasonable steps to ensure that all

copies of those documents are returned promptly to the producing party and not used for any

purpose. If data or information has been extracted or copied from a document that is thus

subsequently returned, that information and/or data shall be expunged and not used.

16. **Inadvertent Failure to Designate or Incorrect Designation**

Any Party or third party who inadvertently fails to designate information as Confidential

Information or Confidential-Attorneys Eyes Only Information, or otherwise wishes to change the

designation of confidentiality under this Protective Order, may later do so, and such

document/information shall be treated by the Receiving Party as being so designated as

Confidential Information or Confidential—Attorneys Eyes Only Information from the time the

Receiving Party is notified in writing of the inadvertent designation. The parties agree that the

inadvertent disclosure of Confidential Information or Confidential—Attorneys Eyes Only

Information by the Designating Party in producing discovery to the Receiving Party, regardless of

whether the information was designated as Confidential Information or Confidential—Attorneys

Eyes Only Information at the time of disclosure, shall not be treated as a waiver in whole or in part

of a Designating Party's claim of confidentiality, either as to the specific information disclosed or

as to any other information relating thereto or on the same or related subject, and shall not exempt

it from the provisions of this Protective Order where notice has otherwise been given that it is

Confidential Information or Confidential—Attorneys Eyes Only Information.

17. **Inadvertent Disclosure**

In the event of any accidental or inadvertent disclosure of Confidential Information or

Confidential—Attorneys Eyes Only Information, other than in a manner authorized by this

Protective Order, counsel for the Party responsible for the disclosure shall immediately notify

opposing counsel of all of the pertinent facts, and make every effort to prevent further

unauthorized disclosure including, retrieving all copies of the Confidential Information or

Confidential—Attorneys Eyes Only Information from the unauthorized recipient(s) thereof, and

-13-

securing the agreement of the unauthorized recipients not to further disseminate the Confidential Information or Confidential—Attorneys Eyes Only Information in any form. Compliance with the forgoing shall not prevent the Designating Party from seeking further relief from the Court.

18. **Resolution of Disputes Regarding Designation of Confidential Information or Confidential—Attorneys Eyes Only Information**

a. In the event that any Party takes issue with a designation of Confidential Information or Confidential—Attorneys Eyes Only Information, such party shall so inform the other parties to this lawsuit in writing, and all parties shall make good faith efforts to resolve such dispute.

b. In the event that the parties are unable to resolve the dispute regarding designation of Confidential Information or Confidential—Attorneys Eyes Only Information within fifteen (15) business days from the date the written notice of the dispute was received, the Party disputing the designation may, by written motion, raise such issue with the Court. The Party claiming confidentiality shall bear the burden of establishing that the information is in fact confidential.

c. A challenge to the propriety of a confidential designation may be made at any time.

## MISCELLANEOUS PROVISIONS

19. **Termination of Litigation**

Within sixty (60) days of receipt of written notice of the final disposition of this action and all related actions, whether by judgment and exhaustion of all appeals, by voluntary dismissal, or by settlement, the attorneys of record:

a. Shall certify to the Designating Party, or its attorney of record, that they have destroyed the Confidential Information or Confidential—Attorneys Eyes Only Information subject to this Protective Order in their possession, custody or control or in the possession, custody or control of their staff, including all copies of such Confidential Information or Confidential— Attorneys Eyes Only Information which may have been made, except that counsel for a Party may keep a copy of such Confidential Information or Confidential—Attorneys Eyes Only Information used in pleadings, trial materials, attorney work product or deposition exhibits as part of counsel's records of the litigation;

6211728_1

b.      Shall insure that all the Confidential Information or Confidential—Attorneys Eyes Only Information in the possession, custody or control of their experts and consultants, is certified as destroyed; and

c.      Shall deliver to the Designating Party, or its attorneys of record, an affidavit or declaration that there has been compliance with the terms of this paragraph or that there has not been compliance and the reason for such noncompliance, upon receipt of which the Designating Party may make application to the Court for such further order as may be appropriate.

20.     **Modification of This Protective Order**

In the event any Party seeks a court order that in any way seeks to vary the terms of this Protective Order, said Party shall make such request in the form of a written stipulation or noticed motion to all parties that must be served and filed in accordance with local court rules.

21.     **Enforcement of This Protective Order**

This Protective Order shall remain in force and effect until modified, superseded or terminated on the record by written stipulation of the parties or by order of the Court. This Protective Order shall survive the final conclusion of the action and the Court shall have jurisdiction to enforce this Protective Order beyond the conclusion of this action, unless this Order is vacated.

22.     **Violation of This Protective Order**

In the event any person or Party shall violate or threaten to violate the terms of this Protective Order, the aggrieved Designating Party may immediately apply to obtain injunctive relief against any such person or Party violating or threatening to violate any of the terms of this Protective Order. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

23.     **Counsel Rendering Advice to Their Clients**

Nothing in this Stipulation and Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on material designated as Confidential Information or Confidential—Attorneys Eyes Only Information,

6211728_1

provided however, that in rendering such advice counsel shall not disclose, reveal, or describe the content of any material so designated except insofar as allowed (if allowed at all) under the terms of this Protective Order.

   Dated:  July 17, 2015.

6211728_1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS SO AGREED AND STIPULATED:**

LEWIS ROCA ROTHGERBER LLP

By: /s/ Jonathan W. Fountain
Jonathan W. Fountain
Nevada Bar No. 10351
jfountain@lrrlaw.com
**LEWIS ROCA ROTHGERBER** LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: 702-949-8200

Colby B. Springer
admitted *pro hac vice*
cspringer@lrrlaw.com
**LEWIS ROCA ROTHGERBER** LLP
4300 Bohannon Drive, Suite 230
Menlo Park, CA 94025
Telephone: 650-391-1394

Adam L. Massaro
admitted *pro hac vice*
amassaro@lrrlaw.com
**LEWIS ROCA ROTHGERBER** LLP
1200 Seventeenth Street, Suite 3000
Denver, CO 80202
Telephone: 303-623-9000

Attorneys for Plaintiff Bravo Company USA,
Inc.

HAYNES AND BOONE, LLP

By: /s/ William B. Nash
William B. Nash
admitted *pro hac vice*
bill.nash@haynesboone.com
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Fax: (214) 651-5940

Jason W. Whitney
admitted *pro hac vice*
jason.whitney@haynesboone.com
112 E. Pecan Street, Suite 1200
San Antonio, Texas 78205
Telephone: (210) 978-7000
Fax: (210) 978-7450

CAMPBELL & WILLIAMS
Donald J. Campbell
djc@cwlawlv.com
Nevada Bar No. 1216
J. Colby Williams
Nevada Bar No. 5549
700 South Seventh Street
jcw@cwlawlv.com
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Fax: (702) 382-0540

Attorneys for Defendant Martin J. Bordson

**IT IS SO ORDERED:**

*George Foley Jr.*
UNITED STATES MAGISTRATE JUDGE

DATED: ___July 21, 2015___

-17-

6211728_1

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Bravo Company USA, Inc., a Wisconsin
corporation,

                              Plaintiff,

       vs.

Martin J. Bordson, an individual,

                              Defendant.

Case No. 2:14-cv-00387-RCJ-GWF

**UNDERTAKING PURSUANT TO AGREED-UPON CONFIDENTIALITY/PROTECTIVE ORDER**

I, _____, declare that:

       1.     My address is _____, and the address of my present employer is _____.

       2.     My present occupation or job description is _____ _____.

       3.     In addition to my other job functions, I am working as a consultant to ____ _____.

       4.     My relationship to Plaintiff/Defendants is _____ _____.

       5.     I have received a copy of the Protective Order in this action (the "Protective Order").

       6.     I have carefully read and understood the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential Information or Confidential—Attorneys Eyes Only Information received under the protection of the Protective Order except as permitted under the Protective Order.

-18-

6211728_1

7.     I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential Information or Confidential—Attorneys Eyes Only Information in a container, cabinet, drawer, room or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties.   I will return all Confidential Information or Confidential—Attorneys Eyes Only Information which comes into my possession or which I have prepared relating thereto, to counsel for the Party by whom I am retained.  I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Executed at _____ on _____, 2014.


_____

[SIGNATURE]

6211728_1