JONATHAN W. FOUNTAIN
Nevada Bar No. 10351
jfountain@lrrlaw.com
**LEWIS ROCA ROTHGERBER** LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169
Telephone: 702-949-8200

COLBY B. SPRINGER
admitted *pro hac vice*
cspringer@lrrlaw.com
**LEWIS ROCA ROTHGERBER** LLP
4300 Bohannon Drive, Suite 230
Menlo Park, CA  94025
Telephone: 650.391.1394

ADAM L. MASSARO
admitted *pro hac vice*
amassaro@lrrlaw.com
**LEWIS ROCA ROTHGERBER** LLP
1200 Seventeenth Street, Suite 3000
Denver, CO  80202
Telephone: 303-623-9000

Attorneys for Plaintiff Bravo Company USA,
Inc.

WILLIAM B. NASH
admitted *pro hac vice*
bill.nash@haynesboone.com
**HAYNES AND BOONE, LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Fax: (214) 651-5940

JASON W. WHITNEY
admitted *pro hac vice*
jason.whitney@haynesboone.com
**HAYNES AND BOONE, LLP**
112 E. Pecan Street, Suite 1200
San Antonio, Texas 78205
Telephone: (210) 978-7000
Fax: (210) 978-7450

DONALD J. CAMPBELL
Nevada Bar No. 1216
djc@cwlawlv.com
J. COLBY WILLIAMS
Nevada Bar No. 5549
jcw@cwlawlv.com
**CAMPBELL & WILLIAMS**
700 South Seventh Street
jcw@cwlawlv.com
Las Vegas, Nevada  89101
Telephone: (702) 382-5222
Fax: (702) 382-0540

Attorneys for Defendant Martin J. Bordson

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| Bravo Company USA, Inc., a Wisconsin corporation, | Case No. 2:14-cv-00387-RCJ-GWF |
| Plaintiff, | **STIPULATION REGARDING THE PRODUCTION OF HARD-COPY AND ELECTRONICALLY STORED INFORMATION** |
| vs. | |
| Martin J. Bordson, an individual, | |
| Defendant. | |

WHEREAS Bravo Company, Inc. ("Bravo Company") and Defendant Martin J. Bordson ("Bordson") are parties to the above action;

AND WHEREAS the parties desire an orderly production of hard copy and electronically stored information that will be produced in this action;

WHEREFORE the parties, by and through their respective counsel of record, stipulate as follows.

1.      Absent agreement of the parties or further order of this Court, the following parameters shall apply to electronically stored information production:

General Document Image Format. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. When PowerPoint documents are converted to TIFFs, the version that will be converted will show the speaker notes, to the extent that they exist. When Word documents are converted to TIFFs, the version that will be converted is as it was last saved by the custodian. This means that if it was last saved with track changes turned on that the images and metadata will reflect the tracked changes.

Metadata Fields. No metadata will be produced for redacted documents. The metadata fields listed in Table A attached to this document will be provided, if they exist, for all other electronically stored information.

Database Load Files/Cross-Reference Files. Documents should be provided with (1) a Concordance delimited file and (2) an IPro delimited file.

Native Files. The following file types shall be produced in native format: Excel files, Access files, and Microsoft Project files. For all other file types, a party may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format. Native Files will be produced with a placeholder TIFF image. Each TIFF placeholder will contain the bates number,

confidentiality designation, and the name of the native file.

Gaps. Productions should contain sequential bates numbers with no gaps. There should be no gaps in bates numbers between productions. A unique production volume number will be used for each production. If any unavoidable gaps occur, the parties agree to provide advance notice of those gaps within productions and/or between productions.

Parent-Child Relationships. Parent-child relationships (the association between an attachment and its parent document) must be preserved.

Text-Searchable Documents. Electronically stored information shall be produced text-searchable.

Footer. Each document image shall contain a footer with a sequentially ascending production number.

No Backup Restoration Required. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

Voice-mail and Mobile Devices. Absent a showing of good cause, voice-mails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

2.      A party's production of documents responsive to a request under Federal Rules of Civil Procedure 34, 45, or any other rule or method shall include documents and other things in a tangible or electronic form, but shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail from another party, a party must propound specific e-mail production requests, separate and apart from the party's other requests for production. Custodian limits applicable to e-mail addressed below do not apply to documents and other things in a tangible or electronic form.

3.      E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific identification of the fifteen most significant listed e-mail custodians in view of the pleaded claims and defenses.  E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper

6211732_1

custodians, proper search terms, and proper timeframe. After the application of search terms to a custodian's e-mail but before review, the parties agree to meet and confer concerning the number of e-mails responsive to the applied search terms.

4.      E-mail production requests are subject to the following custodian limits:

  A.      Bravo Company may obtain e-mail discovery from Bordson from up to six (6) custodians.

  B.      Bordson may obtain e-mail discovery from Bravo Company from up to six (6) custodians.

5.      Each requesting party is limited to ten (10) search terms per custodian. The search terms may be different across a party's custodians. The search terms shall be tailored to particular products or particular issues. Indiscriminate terms, such as the producing company's name, may be used with other search criteria but may not be used individually. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless each term is a variant of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production. The parties may jointly agree to modify this limit without the Court's prior written permission provided, however, that such modification be made in writing and signed by the parties' respective counsel.

6.      Any party may seek additional e-mail production for additional custodians or additional search terms beyond the initial limits established herein upon a showing of good cause, or by written agreement of the parties. The parties shall meet and confer on who shall bear, and the reasonableness of, the costs of e-mail production beyond the initial limits established herein.

7.      Notwithstanding anything to the contrary herein, any party that produces documents that were previously produced in any other action or matter may produce such documents in the electronic format in which they were produced previously.

8.      Each piece of media containing production data will be labeled. The label will provide the following information:

6211732_1

- Party v. Party (case name)
- Case No. 000000 (case number)
- Month, Day, Year (date production was created on the disk)
- Volume Number
- Bates Range: (no gaps from production to production and no gaps within productions unless otherwise notified)
- Confidential Designation (if necessary)

9.  When scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be logically unitized). The parties will make their best efforts to have their vendors unitize documents correctly and will commit to address situations where there are improperly unitized documents.

10.  Documents will be produced on CD-ROM, DVD disks, portable hard drives, or by making them available for download from an FTP site. The media of production is at the option of the producing party. Production media will not be returned unless required under the applicable protective order. Information produced via FTP site may be removed from the FTP site by the producing party within a reasonable time and after the information has been retrieved by the receiving party.

11.  Contingent upon each party's compliance with the obligations set forth in this document, the parties agree that the circumstances of this case do not warrant the preservation, review, or production of ESI that is not reasonably accessible because it is unlikely that significant relevant information would be located in those sources that is not otherwise available in reasonably accessible sources. Moreover, that remote possibility is substantially outweighed by the burden and cost of preservation and/or review and production of ESI from these sources. The parties agree that the following ESI is not reasonably accessible:

- Backup Tapes;
- Voice-mail;
- Instant Messaging;

6211732_1

- Residual, fragmented, damaged, permanently deleted, slack and unallocated data;
- Handheld PDA-type devices.

12. The agreements set forth herein are without prejudice to the right of a requesting party to request additional information about specific ESI, including sources of ESI previously identified as "inaccessible ESI" above, if that party can demonstrate that material, relevant, and responsive information that is not otherwise cumulative of information already produced can only be found through such additional efforts. The parties will negotiate in good faith with regard to whether such additional efforts are reasonably required and, if so, who should bear the cost, with the Court to resolve such disputes if agreement cannot be reached.

13. The parties may jointly agree to modify any terms of this stipulation without the leave of Court, provided, however, that such modification be made in writing and signed by the parties' respective counsel.

**IT IS SO AGREED AND STIPULATED:**

Dated: July 17, 2015                                Respectfully submitted,

LEWIS ROCA ROTHGERBER LLP          HAYNES AND BOONE, LLP

By: _/s/ Jonathan W. Fountain_____          By: __/s/ William B. Nash_____
Jonathan W. Fountain                                William B. Nash
jfountain@lrrlaw.com                                2323 Victory Avenue, Suite 700
3993 Howard Hughes Parkway, Suite 600    Dallas, Texas 75219
Las Vegas, NV 89169-5996                       Telephone: (214) 651-5000
Telephone: (702) 949-8200                        Fax: (214) 651-5940
Fax: (702) 949-8398                                  Email: bill.nash@haynesboone.com
                                                            Admitted *pro hac vice*
Colby B. Springer
cspringer@lrrlaw.com                              Jason W. Whitney
4300 Bohannon Drive, Suite 230                112 E. Pecan Street, Suite 1200
Menlo Park, CA 94025                              San Antonio, Texas 78205
Telephone: (650) 391-1380                        Telephone: (210) 978-7000
Fax: (650) 391-1495                                  Fax: (210) 978-7450
Admitted *pro hac vice*                            Email: jason.whitney@haynesboone.com
                                                            Admitted *pro hac vice*
Adam L. Massaro
amassaro@lrrlaw.com                              CAMPBELL & WILLIAMS
1200 Seventeenth Street, Suite 3000
Denver, CO 80202                                    Donald J. Campbell
Telephone: (303) 623-9000                        djc@campbellandwilliams.com
Fax: (303) 628-9513                                  J. Colby Williams
Admitted *pro hac vice*                            jcw@campbellandwilliams.com
Attorneys for Plaintiff Bravo Company USA,    Phillip R. Erwin
Inc.                                                        perwin@campbellandwilliams.com

700 S. 7th Street
Las Vegas, NV 89101
Telephone: (702) 382-5222
Fax: (702) 382-0540
Attorneys or Defendant Martin J. Bordson

**IT IS SO ORDERED:**

UNITED STATES MAGISTRATE JUDGE

DATED: _ July 21, 2015 _____

6211732_1

**Table A – Metadata Fields**

| Field Name | Description/ Comments | Fields for ESI and/or Hard Copy |
|---|---|---|
| BEG_NO | Bates number associated with the first page of a document. | ESI and Hard Copy |
| END_NO | Bates number associated with the last page of a document. | ESI and Hard Copy |
| CUSTODIAN | Identification of who provided the document (or, if not applicable, the source of the document). | ESI and Hard Copy |
| ATTACH_RANGE | Attachment range for parent and children.  The range should start with the BEG_NO of the parent and end with the END_NO of the last child. | ESI and Hard Copy |
| FILE_EXT | File extension of native file (e.g., XLS, DOC ) | ESI |
| FILE_NAME | Original file name of native file for loose documents or e-mail attachments . | ESI |
| HASH | The Hash value or "deduplication key" assigned to a document. Parties will use MD5 Hash value for this unique identifier. PID's for e-mail families should also be preserved. | ESI |
| NATIVE_PATH | Path on production disk to any native-produced documents. | ESI |
| TITLE | Title of document or email subject. | ESI |
| AUTHOR | Author of a document. | ESI |
| CREATE DATE | Document Creation date / e-mail sent date. Must be in mm/dd/yyyy format. | ESI |
| TIME_CREATED | Creation time of the native file GMT/CST/time is was created in/Needs to be in military format. | ESI |
| DATE_LAST_MOD | Date native file was last modified. Needs to be in mm/dd/yyyy format | ESI |

| Field Name | Description/ Comments | Fields for ESI and/or Hard Copy |
|---|---|---|
| TIME_LAST_MOD | Time native file was last modified.  GMT/CST/time is /was created in/Needs to be in military format. | ESI |
| FROM | Author of e-mail Message | ESI (e-mail) |
| TO | Recipients of the e-mail message | ESI (e-mail) |
| CC/BCC | Recipient of Carbon Copies of the e-mail message | ESI (e-mail) |