# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRAVO COMPANY USA, INC.,

    Plaintiff,

vs.

BADGER ORDNANCE LLC and MARTIN J. BORDSON,

    Defendants.

Case No. 2:14-cv-00387-RCJ-GWF

**ORDER**

    This matter is before the Court on Plaintiff's Motion to Compel (ECF No. 107), filed on September 23, 2016. Defendant Martin J. Bordson filed a Response (ECF No. 113) on October 11, 2016. Plaintiff filed its Reply (ECF No. 118) on October 21, 2016. The Court conducted a hearing in this matter on October 27, 2016.

## BACKGROUND

    On March 14, 2014, Plaintiff filed its Complaint against Defendants Badger Ordnance LLC and Martin J. Bordson seeking declaratory judgment that specific products produced by Plaintiff do not infringe patent numbers 7,900,546 B2 (the "546 patent") and 7,240,600 B1 (the "600 patent") and that such patents are invalid. *Complaint* (ECF No. 1), pg. 2. The 546 patent remains as the only patent at issue. *Motion to Compel* (ECF No. 107), pg. 2. On August 17, 2015, Plaintiff served its Preliminary Invalidity Contentions upon Defendant Bordson. *Defendant's Response* (ECF No. 113), pg. 5. On July 12, 2016, Plaintiff served its First Amended Invalidity Contentions ("Amended Invalidity Contentions") and its third set of interrogatories upon Defendant Bordson, which contained a single interrogatory, Interrogatory No. 16, which states:

> State with particularity all of Bordson's detailed positions, including all factual and legal bases therefore as to why each claim of the '546 Patent is valid in response to Bravo's First Amended Invalidity contentions served July 12, 2016.

*Motion to Compel* (ECF No. 107), at pg. 3.

Defendant Bordson objected to Interrogatory No. 16 as follows:

> Bordson objects to this Interrogatory as Bravo's First Amended Invalidity Contentions (the "Amended Contentions") served July 12, 2016 are improper under Local Patent Rule 1-12, amended May 1, 2016 (formerly L.R. 16-1.12), including because (i) good cause does not exist for Bravo Company to supplement its invalidity contentions with cumulative prior art that was publicly available and readily ascertained through a diligent search, (ii) good cause does not exist for Bravo Company to supplement its invalidity contentions with two entirely new grounds for invalidity under 35 U.S.C. § 103 and 35 U.S.C. § 112 ¶ 2 that were available to Bravo Company but not raised previously, and (iii) Mr. Bordson will be unduly prejudiced by the substantial expansion of Bravo Company's Amended Contentions, which include more than ten times the number of prior-art references cited in Bravo's initial Invalidity Contentions and entirely new grounds for invalidity under 35 U.S.C. § 103 and 35 U.S.C. § 112 ¶ 2.

*Id.* at Exhibit D.

After meeting and conferring, the parties were unable to resolve the dispute concerning the interrogatory. Plaintiff argues that Defendant's objection is invalid and it should be required to provide a full and complete response to Interrogatory No. 16. Plaintiff also requests that Defendant Bordson be ordered to pay its reasonable attorney's fees and expenses for preparing its motion to compel. *Motion to Compel* (ECF No. 107), pg. 6. Defendant argues that Plaintiff's amendment of its invalidity contention undermines the Local Rules of Practice for Patent Cases and that its objection to Interrogatory No. 16 was proper because Plaintiff did not have good cause to amend its invalidity contentions. *Defendant's Response* (ECF No. 113), pg. 12-13.

## DISCUSSION

Local Patent Rule ("LPR") 1-11 requires a party who files a complaint seeking declaratory judgment that a patent is not infringed, is invalid, or is unenforceable to serve on all other parties its initial Non-Infringement, Invalidity, and Unenforceability Contentions within 14 days after the Initial Scheduling Conference. LPR 1-12 further states as follows:

> Amendment of initial disclosures required by these rules may be made for good cause without leave of the court anytime before the discovery cut-off date. Thereafter, the disclosures are final and amendment of the disclosures may be made only by court order upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the nonmoving party, support a finding of good cause include: (a) a claim construction by the court different from that proposed by the party seeking amendment; (b)

> recent discovery of material prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality despite earlier diligent search. The duty to supplement discovery responses does not excuse the need to obtain leave of the court to amend contentions.

Because the Local Patent Rules do not require a party to obtain leave of court to file amended Non-Infringement, Invalidity, and Unenforceability Contentions prior to the close of discovery, the proper procedure to challenge such amended contentions is through a motion to strike. In *JS Products, Inc. v. Kabo Tool Company*, 2014 WL 1093107, at *1 (D. Nev. Mar. 19, 2014), for example, the plaintiff served its "supplemental" or amended contentions prior to the close of discovery. The defendant moved to strike the amended contentions on the grounds that they were not supported by good cause. In partially granting the motion, the court analogized the filing of amended invalidity contentions to adding new causes of action to the complaint. *Id.* at *5. Similarly, in *Silver State Intellectual Techs., Inc. v. Garmin Int'l, Inc.*, 32 F. Supp. 3d 1155, 1160 (D. Nev. 2014), the defendant amended its invalidity contentions prior to the close of discovery. In response, the plaintiff moved to strike portions of the amended contentions on the grounds that defendant could not satisfy the good cause standard. Whether amended contentions satisfy the good cause standard appears to be a dispositive-type determination, equivalent to ruling on a motion to dismiss a complaint, rather than a discovery issue.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). It is the objecting party's burden to establish why a discovery request should be denied. *See Tedrow v. Boeing Employees Credit Union*, 315 F.R.D. 358, 359 (W.D. Wash. 2016); *Painters Joint Comm. v. Employee Painters Trust Health & Welfare Fund*, 2011 WL 4573349, at *5 (D. Nev. Sept. 29, 2011).

Applying the principles of Rule 26, the Court finds that Defendant has not met its burden of showing why it should not respond to Interrogatory No. 16.  Plaintiff was not required to obtain leave of the court to serve its amended contentions because they were served before the discovery cut-off date.  Defendant has not moved to strike the amended contentions, but has, instead, indirectly attacked them by objecting to Interrogatory No. 16 on the grounds that the amended contentions are not supported by good cause.  This is not a proper method for challenging amended invalidity contentions because it, in effect, requires the disclosing party to first obtain court approval for the amended contentions before it can conduct discovery relating to those contentions.  This, however, is contrary to LR 1-12.  The Court will therefore grant Plaintiff's motion to compel Defendant to answer Interrogatory No. 16.  Because the Local Patent Rules are not explicitly clear as how amended invalidity contentions filed before the discovery deadline should be challenged, reasonable minds could differ as to the appropriateness of Defendant's objection.  The Court therefore will not award expenses to Plaintiff.  *See Aevoe Corp. v. AE Tech Co., Ltd.*, 2013 WL 5324787, *1 (D.Nev. Sept. 20, 2013.  This order does not preclude Defendant from filing a motion to strike Plaintiff's Amended Invalidity Contentions.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (ECF No. 107) is **granted**.  Defendant must serve its response to Plaintiff's Interrogatory No. 16 by **November 10, 2016**.

DATED this 2nd day of November, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge